Judge Carr,
delivered his opinion.
John Kelly married a lady of the name of Paine, and received by her (it is said) twelve slaves. She died, leaving five children. Iii 1797, John Kelly, being about to marry a second wife, executed a Deed of gift conveying to his children, in different proportions, all the slaves he had received by their mother, which were to be delivered to them “ at lawful age, or marriage.” This Deed was duly recorded; and the slaves were, at different periods, delivered to the children. The second marriage took effect, and eight children were the fruit of it. In 1809, one Yates, by Will, bequeathed to the children of Kelly by his first wife $1000, to be equally divided among them. In 1810, Kelly was appointed guardian of his children as to this legacy, and not long after received the money. On the 31st of March, 1814, J. Kelly and his wife executed five Deeds, conveying to each of his children by his first wife, one hundred acres of land, which it is agreed on all hands were worth more than their shares of the legacy. All these children were then of age, except one. The consideration expressed in the Deeds, is natural love and affection, and one dollar. The Deeds were accepted, recorded, and the children took possession of the land. In 1815, J. Kelly made his Will, in which he gives again to the children by his first wife, the slaves and land before conveyed. He gives the rest of his land and slaves to his wife, for life; and at her death, the land to be divided among his children by the last wife, and slaves, among all his children bv both wives. In 182-0. J. Kelly died; and *177 ill 1822, the children by the first wife filed their bill against their father’s executors, to recover their legacy of $ 1000, left them by Yates. The Chancellor dismissed their bill, and they appealed to this Court.
The only question in the cause, is, whether this legacy must not be taken as satisfied by the land conveyed to the Plaintiffs in 1814? This, it will be observed, is not a question whether a debt is extinguished by legacy; nor, whether a provision secured to children by settlement, is satisfied by portions given them by the Will of a parent; nor yet, whether a legacy be adeemed by an advancement made, in the life of the testator; but simply, whether a parent, owing his children a debt, and making them a Deed for property of greater value than the debt, shall be considered as having given them this property (leaving the debt still unpaid,) or as having discharged the debt by the conveyance of the property.
We will consider this question, first, on the presumption arising from the acts of the parties; secondly, on the evidence.
On the first head, I will cite some cases, which seem to me very strongly in point.
Wood v. Bryant, 2 Atk. 521; The Plaintiff’s wife was entitled to the residue of her estate under her and likewise was left executrix, and durante minore estate her father was administrator. At the time of her marriage with the Plaintiff, he was, by agreement, to have 800/. from the father; which, in the settlement, is mentioned to be a portion, and in consideration of natural love and affection. The father being dead, this bill was filed against his representative, for a settlement of the grandmother’s estate; and it was insisted, that the 800/. paid by her lather on her marriage, was not in satisfaction of this residue, especially as it was expressed to be given for natural love and affection, and as the father, at the time of the marriage, was worth 8,000/. and had but this daughter and a son; and Chidley v. Lee, Prec. in Ch. 228, was cited, where a portion given in this way had been decided to be no satisfaction. There was evidence given of parol declarar tions made by the Plaintiff and his wife shortly after the marriage, that the 800/. were intended as a satisfaction of the residue, as well as a portion; and on the other side, declarations of the father, that the residue amounted to 500/. and that he intended to give the Plaintiff' 1000/. more; and that six weeks before his death, he told the Plaintiff, “ Thou knowest I owe thee a great deal of money, and thou shaltnot bo wronged of a farthing.” Lord Hardwickb says, i£ The first question is, whether there is a presumptive satisfaction of the legacy to the Plaintiff’s wife, under the grandmother’s Will, *178 by the 800L being advanced to her by the father on her marriage. 1 do not think any rule can be laid down, blit the cases must depend upon their particular circumstances. There are very few cases where a father will not be presumed to have paid the debt he owed to a daughter, token, in ms mite-time, he gives her m marriage a greater sum Ilian he owed her; for, it is very unnatural to suppose, that lie would choose to leave himself a debtor to her, and subject to an account. As to the case of Chidley v. Lee, the ground Sir John Trevor went upon was, that the husband knew nothing of the to the wife from collateral and therefore held it was not satisfied by the portion. But, I must own, that think that an extreme hard case; and I believe I should have •been inclined to have decided it otherwise. If the present case, therefore, rested on the presumption only, I should be of opinion that the 800/. was a satisfaction of the residue, under the grandmother’s Will.” The parol evidence he considered as making the case still stronger for the Defendant, aild refused the account (as to the residue) prayed for.
Seed v. Bradford, 1 Ves. sen. 501: B. was.indebted to his daughter 104/. being one-fifth of a legacy left her and her four sisters, by their grandfather. Upon the marriage of the Plaintiff with the daughter, B. agreed to give his daughter 400/. On the wedding day, B. brought forward the money, and one witness stated that he said, “ There is the money I give my daughter, but that is not all.” The marriage took place in 1740. The wife died in 1742; the father in 174fi. No domand was made of the legacy during the father’s life. The husband, as administrator of his wife, filed this bill to recover the legacy. The ease of Wood v. Bryant, (quoted above,) was relied on for the Defendant, Sir John Strange dismissed the bill. He said, the demand should have been made in the life of the father, who was a party to the transaction, and could have given some account of it: that there was no occasion for an express stipulation, that the 400/. were paid in full satisfaction of the legacy, and not out of his own pocket; but, every case must be taken with the circumstances upon which the Court goes, t.o see whether, from the nature of the transaction and demand, it is not implied that the money thus given in the lump, included what the father gave by bounty, and also, what came to his hands, as belonging to his child. Thai is the natural transaction; and otherwise, the Court must suppose he meant to give the 400/. out of his own pocket, and suffer himself still to remain liable to that demand and interest.
The only other case-1 shall cite, is Chave v. Farrant, 18 Ves. 8: B. gave by Will to his grand daughters. Mary, Sarah and Bet *180 ty Farrant, 150l each. These legacies came to the hands of their' father. His daughters all married during his life, and he gave to, or in trust for, each, a marriage portion of 1,000/. No demand of the legacies was made in his life time; but,, the three daughters and their husbands filed the bill for their legacies of 150/. with interest. Sir William Grant says, “ Upon looking into-the settlements, I find nothing from which any inference can be drawn as to the intention of the parties. In Mrs. Chavis’s, her father covenants to pay 1,000/. for the portions of his daughters. It does not appear, that the husbands knew of the debts. My opinion is, that the father giving the portion, must be taken as meaning to satisfy the debt he owed as executor of the grandfather. That is established, in opposition to Chidley v. Lee, by the more recent cases of Wood v. Bryant, and Seed v. Bradford;” (the two before cited.) He then repeats the words of Lord Hardwick®, in Wood v. Bryant.
These cases, it will be observed, clearly establish this point; that in the absence of all explanatory evidence, a father advancing his child, to whom he is at the same lime in debt, shall be presumed to do so, with a view to the discharge of the debt, if the sum advanced be sufficient; and that, even though it is aportion given in marriage. The case before us is much stronger than those cited, to raise the presumption of payment; for, the advancement here, was not made on the marriage of the children, nor when there was any other reason for it, than the wish of the father to discharge his debt. It was made by five Deeds, bearing the same date, conveying to each child the same quantity of land,.one of them being still an infant, and giving them, exclusive of this, an equal, and some witnesses say, a better-portion of his estate, than his younger children.
If it be objected that the legacy was a money debt, and the property conveyed, land, and that therefore, upon the doctrine of efusdem generis, the latter cannot be considered as a satisfaction of the former; I answer that this conclusion is by no means sound. A cases on subject show, that depends upon intention. This intention you must ascertain in the best manner you can, from all the circumstances, attending the act. When a child is entitled to a portion of 500/.-, or the father has left him 500/. by Will, and afterwards, in his life, advances him 5001; this sum being the same in amount and the same in hind, these are taken as circumstances tending to show, that the advancement was made in satisfaction of the portion or legacy. On the contrary, if the advancement was land, it is taken as prima facie going to show, that it was not intended as a satisfaction of the 500/., they being different things. But yet, these are mere presumptions, liable to be. *181 rebutted and overthrown. For, if it be made to appear, that the father-did not intend the 5001. advanced, to go in satisfaction of the portion or legacy, it will be no satifaction, though ejusdem generis; and if wc be convinced, that lie did mean the land as a satisfaction, it will be so taken, though not ejusdem generis. For the cases showing lliis to be the Law, I refer to Jones v. M&son, ex’r. &c. 5 Rand. 577. Now, I have stated the strong facts in this case,’ which show so clearl}’’ the intention of the father to discharge his dpbt by the conveyance of the land.
But if, leaving the ground of presumption, we eome to the evidence, ihe case is put beyond doubt; for, it is proved, that the father, in the first place, offered to sell to his children, this same land at $8 per acre; thus clearly proving, that he did not intend to give it. ■They refused to give that price, but said, that they would take the land for their legacies, and on no other terms; and soon after the Deeds were executed and sent to them, and they received them upon the understanding, as every one must see, and as two or three of the Plaintiffs declared, that they were made to discharge the debts. But, they were a pajmient and a bounty too; for, they the acies double and treble. In addition to this, the Deeds were made in 183 4, and the father lived till and all that time we hear not a word from the Plaintiffs about the legacy; mo demand. Why? Because they were conscious that they were paid.
I am clear, therefore, on every ground, to affirm the Decree..
The.other Judges concurred, and the Decree was affirmed